UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DALE M. WILLIAMS, INC.,                              Case No.: 6:17-bk-05561
                                                                                      Chapter 11

         Debtor.
_____/

## CASE MANAGEMENT SUMMARY

The Debtor, Dale M. Williams, Inc., submits this Case Management Summary in accordance with Local Rule 2081-1(b), as follows:

(1) <u>Description of the Debtor's Business</u>. The business of Dale M. Williams, Inc. consists of installing coin-operated arcade games in third-party-owned locations. The revenue is shared based on the gross, minus sales taxes and minus cost of merchandise, if any, such as plush toys. The Debtor is responsible for all parts and service.

(2) <u>Location of the Debtor's Operations and Whether Leased or Owned</u>. The Debtor leases an administrative office at 1614 Camberbur Drive, Orlando, Florida 32805. Locations where arcade games are located are as follows:

    Magical Midway, 7001 International Drive, Orlando, Florida 32819
    Vistana Resort, 8800 Vistana Centre Drive, Orlando Florida 32821
    WonderWorks, 9067 International Drive, Orlando, Florida 32819
    WonderWorks, 100 Music Road, Pigeon Forge, Tennessee 37863
    WonderWorks, 1313 Celebrity Circle, Myrtle Beach, South Carolina 29577
    Lucky 7 Mine, c/o Dollywood, 2700 Dollywood Parks Blvd, Pigeon Forge, Tennessee 37863

(3) <u>Reasons for Filing Chapter 11</u>. The reasons for filing this case are as follows. Wildfires in and around Gatlinburg and Pigeon Forge, Tennessee in late November 2016 crippled income from the Lucky 7 Mine and WonderWorks for the remainder of 2016. 2017

revenue is down approximately $60,000 year-to-date from those locations. As a result of negative publicity regarding the devastation caused by the fires, the number of hotel and timeshare room rentals dropped dramatically and roughly 100 businesses were lost. The Debtor took on additional expensive "Merchant Advance" payday-type loans during 2017 for much-needed infusions of cash. The daily drafts are no longer manageable as the tourist season is virtually over now that classes have resumed. The Lucky 7 Mine at Dollywood is no longer a viable operation as a result. The Debtor historically had negative cash flow from late August through the end of February. The 4 merchant drafts alone call for approximately $12,000 per week and are scheduled to run through late October. These amounts would exceed almost the Debtor's entire month's cash flow before any other expenses are paid.

(4) <u>List of Officers, Directors and Insiders</u>. Dale M. Williams

(5) <u>The Debtor's Annual Gross Revenues</u>. $600,000

(6) <u>Amounts Owed to Various Creditors</u>.

    (i) <u>Priority Creditors</u>: $16,871

    (ii) <u>Secured Creditors and Their Respective Collateral</u>: $167,000

    (iii) <u>Unsecured Creditors</u>: $148,000

(7) <u>General Description and Approximate Value of Debtor's Current and Fixed Assets</u>. The Debtor's assets include arcade games, some owned, some leased, and supplies, largely plush toys, a motor vehicle, and a small amount of cash on hand. The total value amounts to approximately $50,000.

(8) <u>Number of Employees and Gross Amounts of Wages Owed as of Petition Date</u>. The Debtor employs 15 people, including one affiliate officer. The Debtor's gross payroll

obligation totals $8,046.08 for the 2-week period ending the day prior to the petition date, including $800 payable to the sole affiliate officer.

(9) <u>Status of the Debtor's Payroll and Sales Tax Obligation</u>.  The Debtor's payroll is current.  The next payroll is due to be made on August 25th although the Debtor's payroll company, Paychex, will require payment by the 24th.  Sales taxes for July in Florida and Tennessee fell due on August 21st, the petition date.

(10) <u>Anticipated Emergency Relief to be Requested</u>.  The Debtor will require emergency hearing time for some or all of the following matters:

- Cash collateral;
- Employee wages;
- Critical vendors;
- Maintenance of prepetition bank accounts; and
- Officer's compensation.

(11) <u>The Debtor's Strategic Objectives</u>.  In order for the Debtor's business to survive, it will require that daily merchant advance drafts be reduced significantly and payments spread out over periods longer than those provided for by the various contracts.  The Debtor plans to file its reorganization plan early in the case in order to spend as little time in Chapter 11 as possible.

                                  */s/ Peter N. Hill*
                                  **Peter N. Hill**
                                  Florida Bar No. 368814
                                  **Herron Hill Law Group, PLLC**
                                  135 W. Central Blvd., Ste. 650
                                  Orlando, Florida 32801
                                  Telephone: (407) 648-0058
                                  Primary e-mail:    peter@herronhilllaw.com
                                  Secondary e-mail:  kimberly@herronhilllaw.com
                                                           caitlin@herronhilllaw.com

                                  Attorneys for the Debtor

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 22, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

              */s/Peter N. Hill*
              **Peter N. Hill**