UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DALE M. WILLIAMS, INC.,                       Case No.: 6:17-bk-05561-KSJ
                                                                                Chapter 11

           Debtor.
_____/

## DEBTOR'S PLAN OF REORGANIZATION DATED DECEMBER 20, 2017

### ARTICLE I
### SUMMARY

This plan of reorganization (the "plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Dale M. Williams, Inc. (the "Debtor") from cash flow from operations, future income, and proceeds of avoidance actions.

The plan provides for 3 classes of secured claims, 1 class of unsecured claims, and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of the plan has valued at fifteen (15) cents on the dollar. The plan also provides for the payment of administrative and priority claims in full on the effective date of the plan (as defined in section 8.02 below) except as set forth in sections 3.02 and 3.03 below.

All creditors and equity security holders should refer to Articles III through VI of the plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding the plan and the rights of creditors and equity security holders has been circulated with the plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | The claim of either On Deck Capital, Inc. or of TVT Cap Fund, LLC, as determined by the Court, to the extent allowed as a secured claim under § 506 of the Code.[1] |
| 2.02 | Class 2. | The claim of Ford Motor Credit Company, LLC, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | Class 3. | Other secured claims. |
| 2.04 | Class 4. | All unsecured claims allowed under § 502 of the Code. |
| 2.05 | Class 5. | Equity interests of the Debtor. |

# ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of an allowed priority tax claim (a) will be paid in full on the effective date in cash, or (b) will receive the allowed amount of such holder's allowed priority tax claim, without post-petition interest or penalty, in regular cash installment payments over a period not exceeding five years from the petition date of a total value, as of the effective date, equal to the allowed amount of such claim.

---

[1] The validity, priority, and extent of liens secured by property of the estate are the subject of pending adversary proceeding number 6:17-ap-00131. Two of 4 defendants have failed to respond timely to the complaint. Defaults against those defendants will be sought. TVT Cap Fund, LLC appears to take the position that it purchased the Debtor's credit card receivables outright. On Deck's position is yet to be determined. To the extent the adversary proceeding results in a determination that an entity other than On Deck Capital, Inc. or TVT Cap Fund, LLC holds a first priority lien on estate property, such other entity will be substituted as the Class 1 creditor. Further, to the extent it is determined that junior liens exist, such junior liens will be treated as Class 3 claims. Those portions of any Class 1 or Class 3 claim not allowed as secured claims will be treated as Class 4 claims. If the adversary proceeding results in a determination that no creditor holds a Class 1 claim or a Class 3 claim, such classes will be deemed to be empty.

3.04 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests will be treated as follows under the plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Allowed Secured Claim of TVT Cap Fund, LLC | Impaired | The Class 1 Claim will be paid in full in sixty (60) equal and consecutive monthly installments of principal and interest calculated at five (5%) percent per annum from and after the petition date with the first such payment due and payable on the first day of the second month following the effective date, with no prepayment penalty. |
| Class 2 – Allowed Secured Claim of Ford Motor Credit Company, LLC | Impaired | The Class 2 Claim will be paid as follows: regular monthly payments of $501.91 on 11/28 and 12/28/2017; payments of $752.87 on 1/28, 2/28, 3/28, 4/28, 5/28, 6/28, 7/28, and 8/28/2018; and payments of $501.91 resuming on 9/28/2018 and continuing monthly until the Class 2 Claim has been fully paid. |
| Class 3 – Other Allowed Secured Claims | Impaired | The extent, if any, the value of the collateral securing the Class 1 Claim is greater than the allowed Class 1 Claim, and the same collateral secures any other allowed, such allowed claim will be a Class 3 Claim and will be treated in a fashion identical to the treatment of the Class 1 Claim. |
| Class 4 – Allowed Nonpriority Unsecured Claims | Impaired | Holders of Class 4 Claims will receive promissory notes calling for payment of fifteen (15) percent of allowed Class 4 claims in 20 equal quarterly installments beginning on the first day of the second month following the effective date, with no prepayment penalty. |

3

| Class 5 - Equity Security Interest in the Debtor | Unimpaired | Dale M. Williams is the sole holder of an equity security interest in the Debtor. The plan leaves unaltered the legal, equitable, and contractual rights to which such interest entitles Mr. Williams. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   <u>Assumed Executory Contracts and Unexpired Leases</u>.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date:

- All leases of equipment from Betson Enterprises, a Division of H. Betti Industries, Inc.;
- Coin Operated Lease Agreement with Attractions Concepts, Ltd., d/b/a Wonder Works; and
- Unexpired lease of nonresidential real property from Omni Leasing of Central Florida, Ltd. (month to month)

6.02   <u>Rejected Executory Contracts and Unexpired Leases</u>.

- Concession License Agreement with The Dollywood Company (rejected by order, Doc. No. 70)

The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming the plan, upon the date of the entry of the order confirming the plan. A proof of a claim

arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming the plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01 Funding of the Plan. The Debtor will fund the plan from excess revenues generated during this chapter 11 case, from future revenues, and from proceeds of avoidance actions.

7.02 Continued Corporate Existence. The Debtor will continue to exist after the effective date as a Florida corporation with all of the powers under Florida law and pursuant to its operating agreement and any other organizational documents in effect before the effective date, with the exception provided for in section 8.07 below.

7.03 Officers, Directors, Compensation. Dale Williams will continue to serve as sole officer and director of the Reorganized Debtor. During the first year following confirmation of the plan, Mr. William's salary will be limited to $4,000 per month.

7.04 Distributions. The Reorganized Debtor will make all distributions under the confirmed plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code will apply when terms defined or construed in the Code are used in the plan, whether capitalized or not, and they are supplemented by the following definitions:

"Allowed" means and includes, with respect to any claim or interest, (a) any claim (other than a disputed claim) or interest, proof of which was timely filed or, by order of the bankruptcy court, was not required to be filed or (b) any claim (other than a disputed claim) or interest that is listed in the schedules as liquidated in amount and not disputed or contingent, and, in each such case in (a) and (b) herein, as to which either (1) no objection to the allowance thereof has been or may be filed within the applicable period of limitation fixed by the plan, the Bankruptcy Code, the Bankruptcy Rules or the bankruptcy court or (2) the claim or interest has been allowed by a final order of the bankruptcy court (but only to the extent so allowed).

"Avoidance action" means a cause of action which the Debtor may assert under sections 541, 542, 543, 544, 547, 548, 549, 550 or 553 of the Bankruptcy Code.

"Class" means a category of holders of claims or interests as set forth in Article 3 of the

Plan.

"Code" means title 11, United States Code (the Bankruptcy Code).

"Confirmation" or "confirmation of the plan" means the approval of the plan by the bankruptcy court.

"Nonpriority Unsecured Claim" means any claim which is not an administrative expense claim, priority tax claim, priority claim or secured claim, including (a) any claim arising from the rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code, (b) any portion of a claim to the extent the value of the creditor's interest in the estate's interest in the collateral securing such claim is less than the amount of the allowed claim, or to the extent that the amount of the claim subject to setoff is less than the amount of the allowed claim, as determined pursuant to section 506(a) of the Bankruptcy Code, (c) any claims arising from the provision of goods or services to the Debtor prior to the petition date, and (d) any claim designated as a nonpriority unsecured claim elsewhere in the plan.

"Petition Date" means August 21, 2017.

"Reorganized Debtor" means the Debtor following confirmation of the plan.

8.02 Effective Date. The effective date of the plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03 Severability. If any provision in the plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in the plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in the plan are for convenience of reference only and do not affect the meaning or interpretation of the plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of Florida govern the plan and any agreements, documents, and instruments executed in connection with the plan, except as otherwise provided in the plan.

8.07 Corporate Governance. In accordance with section 1123(a)(6) of the Code, the Debtor will amend its articles of incorporation to prohibit the issuance of nonvoting equity securities.

8.08 <u>Non-Negotiated Checks</u>. If a holder of an allowed claim fails to negotiate a check issued to such holder pursuant to the plan within one (1) year of the date such check was issued, then the amount of cash attributable to such check will be deemed to be unclaimed property in respect of such holder's allowed claim and will be vested in, and transferred to, the Reorganized Debtor to be applied toward the funding of the plan. In such event, such holder's claim will no longer be deemed to be allowed and such holder will be deemed to have waived its rights to such payments or distributions under the plan pursuant to section 1143 of the Bankruptcy Code and will have no further claim in respect of such distribution and will not participate in any further distributions under the plan with respect to such claim.

8.09 <u>Vesting</u>. Except as otherwise expressly provided in the plan, on the effective date, the Reorganized Debtor will be vested with all of the assets and property of the Debtor, free and clear of all claims, liens, encumbrances, charges and other interests of holders of claims or interests, and will operate its business free of any restrictions imposed by the Bankruptcy Code or by the bankruptcy court.

## ARTICLE IX
## DISCHARGE

9.01 <u>Discharge.</u> On the confirmation date of the plan, the debtor will be discharged from any debt that arose before confirmation of the plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by the plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.01 <u>Retention of Jurisdiction</u>. Until the reorganization case is closed, the bankruptcy court will retain the fullest and most extensive jurisdiction that is permissible, including that necessary to ensure that the purposes and intent of the plan are carried out and to hear and determine all claims that could have been brought before the entry of the confirmation order. Except as otherwise provided in the plan, the bankruptcy court will retain jurisdiction to hear and determine all claims against the Debtor and to adjudicate and enforce all causes of action that may exist on behalf of the Debtor. Nothing contained herein will prevent the Reorganized Debtor from taking such action as may be necessary to enforce or prosecute any cause of action that the Debtor has or may have and that may not have been enforced or prosecuted by the Debtor, which cause of action will survive confirmation of the plan and will not be affected thereby except as specifically provided herein.

10.02 <u>Continuing Applicability of Section 108 of the Bankruptcy Code</u>. To the extent, if any, the Debtor commences any adversary proceeding following confirmation of the plan, such adversary proceeding will be for the purpose of assisting the Debtor in fulfilling its obligations to creditors under the confirmed plan. Accordingly, the Debtor reserves the right to avail itself of the

statutory extensions of time for commencing any such proceedings and taking any other actions as provided for in section 108 of the Bankruptcy Code.

    10.03 <u>Exemption from Tax.</u>  Issuance of promissory notes to holders of allowed Class 4 Claims will not be taxed, by virtue of Section 1146(a) of the Bankruptcy Code.

    10.04 <u>Exhibit.</u> A sample Class 4 Promissory Note is attached as an exhibit to the plan.

DALE M. WILLIAMS, INC., Debtor and Plan Proponent

_____
Dale M. Williams, President


*/s/ Peter N. Hill*
**Peter N. Hill**
Florida Bar No. 368814
**Herron Hill Law Group, PLLC**
135 W. Central Blvd., Ste. 650
Orlando, Florida 32801
Telephone: (407) 648-0058
Primary e-mail:   peter@herronhilllaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 20, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Peter N. Hill*
**Peter N. Hill**

EXHIBIT

$_____                                              _____, 2017
                                                                Orlando, Florida

## CLASS 4 NOTE

The undersigned maker promises to pay to the order of_____, holder of an allowed Class 4 claim under the Plan of Reorganization of Dale M. Williams, Inc., in case number 6:17-bk-05561-KSJ in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, the sum of $_____, without interest, in 20 equal quarterly installments, commencing on _____, 2018.

This note is made, executed and delivered under the plan.

Payment of this note is unsecured.

If the maker fails to pay any installment when such installment comes due and does not cure such failure within ten (10) days after written notice of such failure from the holder of this note, then at the option of the holder, the holder may elect to accelerate and declare immediately due and owing the unpaid balance, plus interest from and after such acceleration and declaration at the highest lawful rate under Florida law, plus attorneys' fees and costs incurred by the holder of the note in enforcing this note, whether in a trial court, on appeal, or in bankruptcy court.

DALE M. WILLIAMS, INC.

_____
Dale M. Williams, President