UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DALE M. WILLIAMS, INC.,                          Case No.: 6:17-bk-05561-KSJ
                                                                                       Chapter 11

     Debtor.
_____/

### FIRST AMENDMENT TO
### DEBTOR'S PLAN OF REORGANIZATION DATED DECEMBER 20, 2017

The Debtor, Dale M. Williams, Inc., files this, its First Amendment to Debtor's Plan of Reorganization Dated December 20, 2017 (Doc. No. 79) (the "Plan"), as follows:

#### Preamble

Bankruptcy Code section 1123(a)(1) requires that a plan designate, with limited exceptions, classes of claims and interests. The Plan as filed designates as Class 1 "[t]he secured claim of either On Deck Capital, Inc. or of TVT Cap Fund, LLC, as determined by the Court, to the extent allowed as a secured claim under § 506 of the Code."

The Class 1 designation was footnoted as follows: The validity, priority, and extent of liens secured by property of the estate are the subject of pending adversary proceeding number 6:17-ap-00131. Two of 4 defendants have failed to respond timely to the complaint. Defaults against those defendants will be sought. TVT Cap Fund, LLC appears to take the position that it purchased the Debtor's credit card receivables outright. On Deck's position is yet to be determined. To the extent the adversary proceeding results in a determination that an entity other than On Deck Capital, Inc. or TVT Cap Fund, LLC holds a first priority lien on estate property, such other entity will be substituted as the Class 1 creditor. Further,

to the extent it is determined that junior liens exist, such junior liens will be treated as Class 3 claims. Those portions of any Class 1 or Class 3 claim not allowed as secured claims will be treated as Class 4 claims. If the adversary proceeding results in a determination that no creditor holds a Class 1 claim or a Class 3 claim, such classes will be deemed to be empty."

As of this date, the adversary proceeding has been settled as to three of the four defendants, including On Deck Capital, Inc. and TVT Cap Fund, LLC, subject to approval of the settlement under Federal Rule of Bankruptcy Procedure 9019. Terms of settlements with both of those defendants include withdrawal of all claims against the estate. The same is true for the Debtor's settlement with a third defendant, Wide Merchant Investment, Inc. The only remaining defendant is TVT Capital, LLC which, despite its name, is not related to TVT Cap Fund, LLC. Although TVT Capital, LLC had filed a Uniform Commercial Code financing statement, it later filed a termination statement. Accordingly, none of the four defendants holds a claim secured by property of the estate, assuming that the Rule 9019 motions are granted.

"H. Betti Industries, Inc. through its Betson Florida division" ("Betson") filed claim 10 as a secured claim in the amount of $14,864. Betson filed some 23 financing statements with the Florida Secured Transaction Registry naming the Debtor as the debtor. All but one of the filings pertain to true leases of equipment by Betson to the Debtor. The Debtor provides in the Plan for assumption of all such leases. Only one of the transactions between the parties constituted a loan agreement secured by one item of equipment. Accordingly, as a result of the foregoing and, again, assuming the Rule 9019 motions are granted, Betson holds the only allowed secured claim in the case other than the Class 2 claim held by Ford Motor Credit Company, LLC, and Betson's claim by the amendment below is therefore designated as the

Class 1 claim. The Debtor acknowledges that all of Betson's rights and remedies are reserved in the event the Rule 9019 motions are not granted.

## The Amendment

1. Article II, section 2.01 of the Plan is hereby modified to read as follows:

| 2.01 | Class 1 | The claim of H. Betti Industries, Inc. through its Betson Florida division, which is an allowed fully secured claim. |

2. Article IV, section 4.01 of the Plan is hereby modified in part to read as follows:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 – Allowed secured claim of H. Betti Industries, Inc. through its Betson Florida division | Unimpaired | The plan leaves unaltered the legal, equitable, and contractual rights to which the claim entitles Betson as holder of the claim. The Debtor acknowledges and agrees that Betson has a valid and enforceable first priority perfected security interest in the equipment securing payment of the claim. The Debtor further acknowledges that the indebtedness due Betson is valid and enforceable and not subject to defense, offset, or counterclaim. The claim will be paid in accordance with its terms and Betson will retain its lien on the collateral. In the event of a postconfirmation default, Betson will have, *inter alia,* the right to pursue its non-bankruptcy remedies including, without limitation, recovering its collateral pursuant to its rights and remedies under the relevant documents and/or applicable law. The balance of the loan which is the subject of claim 10 had been reduced to $6,976 as of February 1, 2018 and payments are $1,744 per month. |

Dale M. Williams, Inc.

By: _____
Dale M. Williams, President

*/s/ Peter N. Hill*
**Peter N. Hill**
Florida Bar No. 368814
**Herron Hill Law Group, PLLC**
135 W. Central Blvd., Ste. 650
Orlando, Florida 32801
Telephone: (407) 648-0058
Primary e-mail:     peter@herronhilllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Peter N. Hill*
**Peter N. Hill**