ORDERED.

Dated:  April 03, 2018

_____
Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| DALE M. WILLIAMS, INC., | ) | Case No. 6:17-bk-05561-KSJ |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

**ORDER APPROVING DISCLOSURE STATEMENT ON FINAL BASIS**
**AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**

This Chapter 11 case came on for hearing on February 28, 2018 for final approval of Dale M. Williams, Inc.'s Disclosure Statement, Dated December 20, 2017 (Doc. No. 80) (the "Disclosure Statement") and for consideration of the Debtor's Plan of Reorganization Dated December 20, 2017 (Doc. No. 79) as amended (Doc. No. 92) (the "Plan"). Upon the evidence presented or proffered at the hearing, the Court makes the following findings:

A. This Court has jurisdiction over this Chapter 11 case pursuant to sections 157 and 1334 of Title 28 of the United States Code.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Approval of the Disclosure Statement and Confirmation of the Plan are

core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of Title 11 (the "Bankruptcy Code" or the "Code") and should be confirmed.

      B.      Timely and proper notice of the hearing was given to all appropriate parties (Doc. No. 83).  Such notice complied with due process and was adequate and sufficient to notify all creditors affected by the Plan.  Such notice also complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and otherwise satisfied the requirements of due process. Specifically, the notice satisfied the requirements of sections 1129(e) and 1121(e)(3) of the Code.

      C.      The Disclosure Statement contains adequate information, as defined in section 1125(a)(1) of the Code.

      D.      The Debtor, as proponent of the Plan, and the Plan comply with the applicable provisions of the Code.  Sections 1129(a)(1) and (a)(2) of the Code are satisfied.

      E.      The Plan has been proposed in good faith and not by any means forbidden by law.  Section 1129(a)(3) of the Code is satisfied.

      F.      All fees and costs of the Debtor's professionals incurred in connection with the case have been approved or are subject to bankruptcy court approval, satisfying section 1129(a)(4) of the Code.

      G.      The Debtor has disclosed the identity, affiliation and compensation payable to all persons who will serve as officers or directors of the Debtor.  Section 1129(a)(5) of the Code is satisfied.

  H. The Debtor does not charge any fees or other rates which are subject to any governmental oversight or regulation.  Section 1129(a)(6) of the Code is not applicable.

  I. The Plan has not been accepted by each holder of a claim or interest of each impaired class of claims or interests. However, each such holder will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code on such date.  The Plan satisfies the requirements of 11 U.S.C. § 1129(a)(7).

  J. Each class of claims and interests is either not impaired under the Plan or has accepted the Plan.  The Plan therefore satisfies section 1129(a)(8) of the Code.

  K. The Plan provides for the payment of all administrative claims in full. There are no unsecured priority claims under section 507(a)(1), (3), (4), (5), (6), (7) or (8) of the Code. Section 1129(a)(9) of the Code is satisfied.

  L. The Plan has been accepted by 2 classes of impaired claims, classes 2 and 4.  Section 1129(a)(10) of the Code has been satisfied.

  M. The Court finds that the Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the reorganized Debtor.  Section 1129(a)(11) is satisfied.

  N. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.  Section 1129(a)(12) is satisfied.

  O. The Debtor does not maintain a retirement plan.  Section 1129(a)(13) of the Code is inapplicable.

P.      The Debtor is under no obligation to pay domestic support obligations. Section 1129(a)(14) of the Code is not applicable.

Q.      The Debtor is not an individual.  Section 1129(a)(15) is not implicated.

R.      No transfers of property other than cash are contemplated by the Plan. Section 1129(a)(16) of the Code is not at issue.

S.      The schedule summarizing the timing and amount of payments to be made to each class of creditors under the Plan, as required by Local Rule 3021-1(c)(1), is as follows:

Unsecured Priority Tax Claims:
All such claims to be paid in full in cash on the effective date of the Plan:

| Tennessee Department of Revenue | $4,143.00 |
|---|---|
| City of Pigeon Forge | $409.52 |
| Florida Department of Revenue | $3,622.61 |

Class 1:    H. Betti Industries, Inc., through its Betson Florida division;
Payments of $1,744 per month to continue until the claim has been fully satisfied..

Class 2:    Ford Motor Credit Company, LLC;
Payments of $752.87 to continue monthly through August 28, 2018, followed by payments of $501.91 beginning on September 28, 2018 and continuing monthly until the claim has been fully satisfied.

Class 3:    Empty.

Class 4:    Holders of unsecured nonpriority claims;
Members of Class 4 will receive promissory notes shortly following entry of this order. Allowed claim amounts, adjusted claim amounts (15% of allowed claim amounts), and quarterly payment amounts are set out in the table below:

| CREDITOR | ALLOWED CLAIM | ADJUSTED CLAIM (15%) | QUARTERLY DISTRIBUTION |
|---|---|---|---|
| Amusement Electronics | $9,511.69 | $1,426.75 | $71.34 |
| Benchmark Games, Inc. | $15,485.00 | $2,322.75 | $116.14 |
| Brady Starburst, LLC | $2,556.55 | $383.48 | $19.17 |
| Columbia Financial | $18,667.98 | $2,800.20 | $140.01 |
| CTM Group, Inc. | $657.59 | $98.64 | $4.93 |

| | | | |
|---|---|---|---|
| H.M.S. Monaco | $2,482.91 | $372.44 | $18.62 |
| Happ Controls | $1,996.18 | $299.43 | $14.97 |
| Hughson Trust | $41,556.26 | $6,233.44 | $311.67 |
| Joissu | $1,523.00 | $228.45 | $11.42 |
| Rhode Island Novelty | $15,135.48 | $2,270.32 | $113.52 |
| Sandy Creek Mining Co. | $14,793.00 | $2,218.95 | $110.95 |
| Silver Streak Industry | $1,575.82 | $236.37 | $11.82 |
| The Dollywood Company | $22,310.08 | $3,346.51 | $167.33 |
| Village Originals, Inc. | $6,844.41 | $1,026.66 | $51.33 |
| Joy Voight | $217,145.07 | $32,571.76 | $1,628.59 |
| William C. Voight, II, Esq. | $289,692.57 | $43,453.89 | $2,172.69 |
| Wells Fargo Bank Small Business Lending Division | $49,347.07 | $7,402.06 | $370.10 |
| William L. Rudd Pottery | $4,064.20 | $609.63 | $30.48 |

Class 5:    Equity Security Interest

The Plan left unaltered the 100% equity security interest in the Debtor held by Dale Williams.

    T.    The Debtor concedes that all leases by the Debtor of equipment from Betson Enterprises, a division of H. Betti Industries, Inc., including without limitation the leases referenced and/or described in Betson's proof of claim number 10 and in Exhibit "A" attached to this Order, are true leases and are not subject to claim, defense, or setoff.

Accordingly, it is ORDERED:

    1.    The Disclosure Statement is approved on a final basis.

    2.    The Plan is confirmed.

    3.    All leases by the Debtor of equipment from Betson Enterprises, a division of H. Betti Industries, Inc., listed in Exhibit "A" attached to this Order are assumed under the Plan.

4. The Debtor's Coin-Operated Lease Agreement with Attractions Concepts, Ltd., d/b/a Wonder Works, assumption of which was approved on a preliminary basis by prior order (Doc. No. 68), is assumed on a final basis under the Plan.

5. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan of Reorganization and pursuant to the Order of Confirmation, specifically including but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors herein; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

6. In the event the Debtor fails to follow the provisions of Local Rule 3022−1, the Debtor shall file a report within ninety (90) days from the date of the Order of Confirmation, setting forth the progress made in consummating the Plan. The report shall include: (1) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that the Debtor has substantially complied with the provisions of the confirmed Plan.

7. In addition, the Debtor shall file with the Bankruptcy Court post-confirmation financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee. The Debtor shall file post-confirmation quarterly reports until this case is converted, dismissed or closed pursuant to section 1106(a)(7) of the Code and Bankruptcy Rule 2015(a)(5).

8. The Debtor may file within 30 days from the date hereof any and all objections to the allowance of any claim.

9. The Debtor will continue to pay quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Court enters a final decree closing this Chapter 11 case, or enters an order converting, dismissing, or administratively closing this case.

10. The Court will conduct a post-confirmation status conference on **April 11, 2018 at 2:00 p.m.** in Courtroom A, 6th Floor, George C. Young Federal Building and Courthouse, 400 West Washington Street, Orlando, Florida 32801.

Peter N. Hill, Esq. is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.

| Cust # 261295 | Dale M Williams Inc | | | | | | | | | 3/1/2018 |
|---|---|---|---|---|---|---|---|---|---|---|
| Loan/Lease # | Equipment | Serial # | Due Date | Monthly Amt | Pymts Left | Residual Amt | Residual Due Date | Total Due | Lease/Loan | S/G |
| 20029 | Ice Cold Fishin | GFF15#12217 | 5th of month | $805.00 | none | $4,650.00 | 09/05/17 | 2,325.00 | Lease | |
| | Ice King Fu Panda | KFF15#1260 | | | | | | | | |
| 20030 | **Candy Crush** | **CC-01060** | **30th of month** | **$755.00** | **none** | **$4,400.00** | **07/01/17** | **0.00** | **Lease** | **This one is closed** |
| | Jurassic Park Enviromental | 1200 | | | | | | | | |
| 20263 | Jurassic Park Enviromental | 1980 | 25th of month | $350.00 | 5 | $4,000.00 | 01/25/18 | 4,000.00 | Lease | Stop N Go |
| 20819 | Jurassic Park Enviromental | 2809 | 8th of month | $350.00 | 12 | $4,000.00 | 09/08/18 | 6,100.00 | Lease | Stop N Go |
| 20820 | Jurassic Park Enviromental | 2854, 2855 | 15th of month | $700.00 | 13 | $8,000.00 | 10/15/18 | 12,900.00 | Lease | Stop N Go |
| 21245 | Crossy Road | CR417 | 4th of month | $253.00 | 15 | $3,400.00 | 12/04/18 | 5,677.00 | Lease | Stop N Go |
| 21246 | Spongebob Pineapple Arcade | SPP151201050-011 | 4th of month | $387.00 | 15 | $5,200.00 | 12/04/18 | 8,683.00 | Lease | Stop N Go |
| 21392 | Baytek Quick Drop | 460, 452 | 10th of month | $1,744.00 | 9 | | | 5,232.00 | Loan | |
| 21393 | Smart Ticket Time 61" Double | L-10003 | 11th of month | $224.00 | 17 | $1,400.00 | 02/11/19 | 3,864.00 | Lease | |
| 21812 | Elaut Plucky Ducky | BE15000513-1005 | 26th of month | $350.00 | 19 | $2,550.00 | 03/26/19 | 7,100.00 | Lease | |
| | Smart Ticket Time 61" Double | L-10126 | | | | | | | | |
| 21906 | Raw Thrills Cruisin Blast | 1680, 1689 | 5th of month | $434.82 | 23 | $6,555.00 | 08/05/19 | 13,946.94 | Lease | Stop N Go |
| 21907 | Raw Thrills Crusi'n Blast | 1720, 1751 | 25th of month | $429.84 | 24 | $6,480.00 | 08/25/19 | 13,787.28 | Lease | Stop N Go |
| 21941 | Raw Thrills Crusi'n Blast | 1093,1094,1095, | 25th of month | $796.00 | 24 | $12,000.00 | 08/25/19 | 25,532.00 | Lease | Stop N Go |
| | Raw Thrills Crusi'n Blast | 1099 | | | | | | | | |
| 21947 | Raw Thrills Space Invaders | 1121 | 25th of month | $297.00 | 30 | $5,400.00 | 02/25/20 | 12,231.00 | Lease | Stop N Go |
| 21975 | Raw Thrills Space Invaders | 1123 | 28th of month | $300.44 | 30 | $5,462.50 | 02/28/20 | 12,673.06 | Lease | Stop N Go |
| 22034 | Raw Thrills Walking Dead | 1166 | 15th of month | $300.44 | 30 | $5,462.50 | 03/15/20 | 12,673.06 | Lease | Stop N Go |
| 22035 | Raw Thrills Walking Dead | 1206 | 22nd of month | $275.00 | 30 | $5,000.00 | 03/22/20 | 11,600.00 | Lease | Stop N Go |
| 22142 | Raw Thrills Walking Dead | 1214 | 5th of month | $297.00 | 31 | $5,400.00 | 04/05/20 | 12,825.00 | Lease | Stop N Go |
| 22143 | Raw Thrills Space Invader Frenzy | 1276 | 23rd of month | $275.00 | 31 | $5,000.00 | 04/23/20 | 11,875.00 | Lease | Stop N Go |
| 22170 | DC Superheroes Coin Pusher | DCC170103056-001 | 29th of month | $899.00 | 32 | $9,000.00 | 04/29/20 | 32,374.00 | Lease | Stop N Go |
| 22397 | Raw Thrills Walking Dead | TWD-1599 | 10 of month | $275.00 | 33 | $5,000.00 | 06/10/20 | 12,425.00 | Lease | Stop N Go |
| Total | | | | | | | | 227,823.34 | | |

EXHIBIT A